GILES G. PRATT *vs.* INHABITANTS OF AMHERST.

Hampshire. Sept. 16. — Oct. 23, 1885. FIELD, C. ALLEN, & GARDNER,
JJ., absent.

No exception lies to the refusal to give a ruling requested which is not applicable
to the facts proved.

It is not the duty, nor within the power, of the selectmen of a town to erect a rail-
ing within a public way for the purpose of changing the line of travel; and, in
an action against the town for an injury caused by such a railing, it is a ques-
tion of fact for the jury whether the way is thereby made defective.

TORT for personal injuries occasioned to the plaintiff by the
collision of his carriage, on the evening of November 16, 1884,
with a post standing on Main Street, a highway in the defend-
ant town. Trial in the Superior Court, before *Barker*, J., who
allowed a bill of exceptions, in substance as follows :

The post in question was a part of a railing which had been
erected under the direction of the defendant's selectmen, acting
also as highway surveyors, under a vote of the town. The rail-
ing was erected, as the defendant contended, for the purpose of
guiding the travel over and upon a new carriage-way, recently
graded and prepared under the direction of the selectmen. The
post stood in or near the horse-path of a well-worn single track
of travel, which had existed for more than twenty years. In the
spring of 1883, the road was newly graded, and was regraded in
the spring of 1884. The regrading in 1884 made the road from
side to side nearly flat, and was designed to change the location
of the travelled part of the highway, extending it about twelve
feet more to the northward, thus enlarging the curve of the
travelled path around the corner of a building standing at the
intersection of Main Street and East Street, about one hundred
and twenty feet from the point of the collision, such building
obstructing the view of one street by persons approaching it
from the other. The railing was put up on September 17, 1884,
and the post in question was about twenty feet from the nearest
side of the road as laid, and about twelve feet from the line of
grass out into the way as travelled before it was graded in 1884.
The railing, which had been fastened to the post, was down at
the time of the injury, and had been down all that day, and

from time to time previously had been down, leaving the post standing out about twelve feet in the way as formerly travelled, and detached from any railing on the side on which it was approached by the plaintiff; but the railing was attached to the post next westerly from the post struck.

There was no evidence of any dangerous depression or obstruction, within or without the way, in the vicinity of the railing.·

The defendant asked the judge to rule as follows: "The selectmen and highway surveyors, acting in good faith, having determined that a change of location of the travelled part of the road or carriage-way, at the point in question, was necessary for the convenience and safety of persons travelling thereon, and having accordingly changed the location of the carriage-way or travelled part of the road, (all being done within the established limits of the highway,) and having also decided upon the erection, location, and character of a railing (of which the post in question formed a part,) as a proper means of defining and marking the limits of that part of the road within or upon which persons might safely travel, and having erected the railing in accordance with such determination at the place in question, the existence of such railing, and of the post in question as part and parcel thereof, was not a legal defect in the highway for which the town is liable." The judge declined to give this ruling; and submitted the case to the jury under instructions which were not excepted to. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. Hamlin & F. E. Paige*, for the defendant.

*W. G. Bassett*, for the plaintiff.

MORTON, C. J. The instruction requested was properly refused, because it was not applicable to the facts proved. It assumed that the selectmen had erected and maintained a railing for the purpose of marking the travelled part of the road, and that the post against which the plaintiff ran was a part of this railing.

The facts were, that they had not maintained such railing; and that, at the time of the accident, the post was standing by itself, not a part of a continuous railing. Besides, it is not the duty, nor within the power, of the selectmen to alter a highway

or town way; and, if they erect a railing within the way for the purpose of changing the line of travel, it is a question of fact for the jury to determine whether the way is thereby made defective.

The case was properly submitted to the jury.

*Exceptions overruled.*